IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES KELLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00790 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| GEORGE C. HARR, JR., ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Defendant George C. Harr, Jr.'s ("Harr") motion to dismiss (Doc. No. 67) filed under Federal Rule of Civil Procedure 12(b)(2), (3), and (6), which is fully briefed. (Doc. Nos. 73, 74). For the reasons discussed below, the motion is **GRANTED** for lack of personal jurisdiction.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff James Kelley ("Kelley") is a citizen of Tennessee and Harr is a citizen of Kentucky or Florida. (Second Amended Complaint, Doc. No. 63 ¶¶ 1-2). Harr was married to Kelley's mother at the time of her death. (*Id.* ¶ 4). Kelley's mother and Harr created two trusts before her death, of which Kelley believes he is the beneficiary. (*Id.* ¶¶ 6-11). Harr is a co-trustee of the two trusts. (*Id.* ¶ 11). Kelley believes Harr has not properly administered the trusts and/or misappropriated funds from the trusts for his personal benefit. (*Id.* ¶¶ 10, 15, 16). From "time to time" Kelley has requested accountings and other information about the trusts from Harr's counsel, which Harr "refuses to provide." (*Id.* ¶ 12). Kelley filed the present suit against Harr based on diversity of citizenship and an amount in controversy exceeding $75,000.00. (*Id.* ¶ 3). Kelley brings state law claims of breach of fiduciary duty and conversion.

On March 30, 2023, Harr moved to dismiss under Rule 12(b)(2) or, alternatively, for improper venue under Rule 12(b)(3). Harr also argues that the Second Amended Complaint fails to state a claim for which relief can be granted under Rule 12(b)(6).

## II. PERSONAL JURISDICTION

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to seek dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The district court has discretion on how to resolve such a motion. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020). "If it decides that the motion can be ruled on before trial, the court may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Id.* (quoting *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "The court's choice affects the plaintiff's burden." *Malone*, 965 F.3d at 505. When the district court rules based on written submissions alone, as in the present case, the plaintiff need only make out a prima facie showing that personal jurisdiction exists, which can be done through the complaint. *Malone*, 965 F.3d at 504-05.[1] "The court must view the pleadings and affidavits in a light most favorable to the plaintiff and not weigh the controverting assertions of the party seeking dismissal." *Ingram Barge Co., LLC v. Zen-Noh Grain Corp.*, 3 F.4th 275, 278 (6th Cir. 2021) (citation and internal quotations omitted).

"A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States

---

[1] "If the court holds an evidentiary hearing and the defendant's motion is properly supported with evidence, the plaintiff must overcome it by a preponderance of the evidence." *Malone*, 965 F.3d at 505.

Constitution." *Malone*, 965 F.3d at 502. "Due process requires that an out-of-state defendant have 'minimum contacts' with the forum state sufficient to comport with 'traditional notions of fair play and substantial justice.'" *Blessing v. Chandrasekhar*, 988 F.3d 889, 904 (6th Cir. 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Tennessee's long-arm statute "extends its jurisdiction to due process's limits, so due process is all [the court] must address." *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019).

**B. Analysis**

A plaintiff bears the burden of establishing personal jurisdiction. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Two types of personal jurisdiction exist: general and specific. Through the pending motion to dismiss, Harr argues the Court has neither general nor specific personal jurisdiction.[2]

"General jurisdiction exists when a defendant's 'contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Id.* Kelley does not argue Harr's contacts with this forum are "continuous and systematic" to warrant the exercise of general personal jurisdiction over Harr, and the record supports no such finding.

---

[2] While Harr supports that argument with his declaration, (Doc. No. 68-1), the Court's choice to resolve the present motion on the written submissions "ma[k]e that affidavit irrelevant*." Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020). As the Sixth Circuit has explained: [T]his rule prevents a defendant from "defeating personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff" while simultaneously allowing a defendant to "invoke the court's discretion to order a pretrial evidentiary hearing" and thereafter apply the more-exacting standard when a plaintiff's jurisdictional allegations are wholly unfounded. *Id.* (quoting *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012). Harr does not request a hearing, and the Court has not held one, which means the prima facie burden does not change. *Malone*, 965 F.3d at 506 (vacating district court order granting defendant's motion to dismiss for lack of personal jurisdiction where the district court credited the defendant's affidavit in granting motion to dismiss for lack of personal jurisdiction without first allowing any form of discovery).

"Specific jurisdiction turns on the affiliation between the forum and the underlying controversy." *Parker*, 938 F.3d at 839. "This requires a plaintiff to establish, with reasonable particularity, sufficient contacts between the defendant and the forum state." *Malone*, 965 F.3d at 504. "Th[is] 'minimum contacts' analysis depends on the defendant's contact with the forum, 'not the defendant's contacts with persons who reside there.'" *Blessing*, 988 F.3d at 904 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). Here, even viewing the factual allegations in the light most favorable to Kelley and drawing all reasonable inferences in his favor, the second amended complaint does not allege Harr has sufficient minimum contacts with Tennessee. While Kelley alleges that Harr has refused to provide information about the trust, there are no allegations as to where Kelley or his counsel were located at the time of those communications. And although Kelly alleges that Harr caused injury to him (Kelley) in Tennessee by failing to properly administer the trusts, (*see id.* ¶¶ 12-13), "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285 ("Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated.") (internal quotations and citation omitted).

To the extent Kelley argues that Harr would have had contacts with this forum if he had performed in the manner Kelley contends he should have performed, specific personal jurisdiction must be rooted in actual contacts with the forum state, not contacts a plaintiff contends should have occurred. *Zellerino v. Roosen*, 118 F. Supp. 3d 946, 953 (E.D. Mich. 2015) (internal citation omitted) ("The Court must evaluate personal jurisdiction based on the contacts that the defendant has already made. Hypothetical contacts do not suffice."). In sum, based on the record before the Court, Kelley has failed to carry his burden establishing that this Court's exercise of jurisdiction over Harr would be consistent with due process and does not offend "traditional notions of fair

play and substantial justice." *Johnson v. Griffin*, 85 F.4th 429 (6th Cir. 2023) (internal citation omitted).

Harr's motion to dismiss for lack of personal jurisdiction is granted. Given that ruling, the Court need not reach the other arguments for dismissal offered by Harr.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE